UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MRS. UNITED STATES NATIONAL PAGEANT, INC.,

Plaintiff,

vs.

MARLENE MARTIN a/k/a MARLENA MARTIN,
individually and doing business as,
ACHIEVEMENT PAGEANTS,

Defendant.

**COMPLAINT**

Civ. No.: 14-6734

Plaintiff, Mrs. United States National Pageant, Inc. ("Plaintiff"), by its attorneys, Woods Oviatt Gilman LLP, for its Complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1.     This action involves Defendant infringing in conscious disregard upon the superior rights of Plaintiff senior user's well-established trademarks causing consumer, contestant and spectator confusion in addition to a false suggestion of endorsement, sponsorship or other association by and between Plaintiff and Defendant.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of this action by virtue of 15 U.S.C. §§ 1114, 1125(a) and 1125(a) and the Court has jurisdiction over the State common law claims by virtue of 28 U.S.C. §§ 1338(b) and 1367, as well as CPLR 302.

3.      Upon information and belief, Defendant markets and sells her infringing goods and services in New York State and further derives substantial revenues through interstate commerce.

4.      The trademarks upon which Defendant is infringing are owned by Plaintiff, a New York corporation, and are located here in New York State.

5.      Venue of this action is set in the United States District Court for the Western District of New York by virtue of 28 U.S.C. § 1391(a) and (b).

## THE PARTIES

6.      Mrs. United States National Pageant, Inc. is, and at all times hereinafter mentioned was, a corporation duly organized under the laws of the State of New York, and is located at 3 Fairfield Drive, Fairport, NY 14450.

7.      Upon information and belief, Defendant Marlene Martin a/k/a Marlena Martin ("Ms. Martin" or "Defendant") is an individual residing in the State of California and doing business as Achievement Pageants.

8.      Upon information and belief, Achievement Pageants is an assumed name under which Ms. Martin, among other things, conducts beauty pageants using the infringing trademarks more fully discussed herein.

## BACKGROUND

9.      Plaintiff's President, Isabella Ilacqua, first became involved in the pageantry business in 1985 and has continuously developed, grown and operated beauty pageants up to the

present day. Plaintiff owns, and its various pageants are known and operated under, the following 8 (eight) U.S. Federally Registered Trademarks:

(a) MRS. UNITED STATES® - U.S. TM Reg. No. 2083350

(b) MRS. UNITED STATES NATIONAL PAGEANT® - U.S. TM Reg. No. 1851722

(c) MISS UNITED STATES® - U.S. TM Reg. No. 3428292

(d) MS. UNITED STATES® - U.S. TM Reg. No. 2157123

(e) LITTLE MISS UNITED STATES® - U.S. TM Reg. No. 4027072

(f) MISS JUNIOR TEEN UNITED STATES® - U.S. TM Reg. No. 3234362

(g) MISS TEEN UNITED STATES® - U.S. TM Reg. No. 3234363

(h) MISS TEENAGER UNITED STATES® - U.S. TM Reg. No. 2824308

These trademarks are collectively referred to herein as "Plaintiff's Trademarks."

10.     Plaintiff exclusively licenses certain of Plaintiff's Trademarks (MISS UNITED STATES®, MS. UNITED STATES®, LITTLE MISS UNITED STATES®, MISS JUNIOR TEEN UNITED STATES®, MISS TEEN UNITED STATES®, and MISS TEENAGER UNITED STATES® (collectively referred to herein as "Plaintiff's Licensed Trademarks")) to carefully chosen National and State Directors (hereinafter collectively referred to as "Plaintiff's Directors") who plan, organize and conduct those pageants under Plaintiff's Licensed Trademarks with the ultimate oversight and quality control by Plaintiff.

11.     Plaintiff owns and operates websites to advertise the pageants for its Licensed Trademarks under the following domain names ("the Plaintiff's Websites"):

> www.missunitedstates.com
> www.msunitedstates.com
> www.missteenunitedstates.com
> www.missjuniorteenunitedstates.com
> www.littlemissunitedstates.org

12.     Plaintiff's Trademarks and Plaintiff's Websites were created at great expense to Plaintiff over many years and it clearly owns the exclusive rights to the recognition and goodwill associated therewith.

## PLAINTIFF HAS
## GENERATED SIGNIFICANT GOODWILL

13.     Over the years, Plaintiff has earned a reputation for professional excellence, personal attention to its pageant contestants and winners, and integrity in its business dealings and as such, has earned the respect of many people working in the pageant industry.

14.     Plaintiff and Plaintiff's Licensees have, over the course of its more than 25 years in business, advertised and otherwise promoted its pageants throughout the Unites States market and, as a result, Plaintiff's pageants and associated Plaintiff's Trademarks have developed significant name recognition and goodwill throughout the pageantry business and have attained famous status.

15.     These advertising and other promotional efforts have been undertaken at great expense for the purpose of developing and perpetuating name recognition and goodwill among existing and prospective contestants, spectators, vendors and business partners.

16.     These advertising and promotional efforts have been effective and the Plaintiff's Trademarks are all associated with no one other than Plaintiff and Plaintiff's Licensees.

**THE DEFENDANT WAS AT ALL TIMES WELL AWARE OF PLAINTIFF, PLAINTIFF'S TRADEMARKS AND PLAINTIFF'S WELL-KNOWN AND RESPECTED REPUTATION IN THE PAGEANTRY BUSINESS AND ADOPTED THE INFRINGING MARKS WITH BAD FAITH AND INTENT TO PROFIT FROM PLAINTIFF'S TRADMARKS**

17.     Upon information and belief, Defendant knew of Plaintiff's Trademarks and acted in bad faith by proceeding to form an entity to organize and conduct pageants using trademarks almost identical to Plaintiff's Trademarks.

18.      Defendant has been using the following marks, which are confusingly similar to a number of Plaintiff's Trademarks in association with the organization, production and marketing beauty pageants:  MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA (collectively, the "Infringing Marks").

19.     Each of these Infringing Marks used by Defendant is confusingly similar to, dilutive of, or otherwise violate one or more of Plaintiff's Trademarks.

20.     Upon    information    and    belief,    Defendant    maintains    the    website www.womanofachievement.com           and       the       Face       Book       page www.facebook.com/#!/womanofachievement which contain references to marks infringing upon one or more of Plaintiff's Trademarks.

21.     Upon further information and belief, Defendant has filed a trademark application with the United States Patent and Trademark Office ("USPTO") seeking to register a trademark for MS. UNITED STATES AMERICA, which has been published for opposition.

**THE DEFENDANT HAS INFRINGED AND CONTINUES TO INFRINGE UPON PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS DESPITE PLAINTIFF'S DEMAND THAT THE INFRINGING ACTIVITY BE STOPPED**

22.     With full knowledge of Plaintiff's pageant business, Plaintiff's Trademarks and their associated goodwill and value as discussed above, Defendant purposely selected and continues to use a business name and trademarks that are substantially similar to Plaintiff's Trademarks, evidencing Defendant's bad faith and attempt to ride the coat tails and profit from Plaintiff's extensive trademark brand recognition, good faith, and stellar reputation in Plaintiff's commercially successful and well-established pageantry business.

23.     Defendant is directly competing with Plaintiff with trademarks that are confusingly similar to, cause mistake, or deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's pageant services and commercial activities, and thus infringe and dilute Plaintiff's Trademarks and violate Plaintiff's intellectual property rights.

**AS AND FOR A FIRST CAUSE OF ACTION,
PLAINTIFF ALLEGES AS FOLLOWS:**

24.     As a result of the foregoing, the Defendant has violated 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c) and are liable to Plaintiff for any damage it has sustained and will sustain should Defendant be allowed to continue her infringing and unlawful activity.

**AS AND FOR A SECOND CAUSE OF ACTION,
PLAINTIFF ALLEGES AS FOLLOWS:**

25.     Plaintiff repeats and realleges the allegations of paragraphs "1" through "24" as if more fully set forth herein.

26.     Plaintiff has no adequate remedy at law.

27.     As a result of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction, restraining and enjoining the Defendant from using the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well as any other confusingly similar or marks that are dilutive to or otherwise violate Plaintiff's Trademarks.

## AS AND FOR A THIRD CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

28.     Plaintiff repeats and realleges the allegations of paragraphs "1" through "27" as if more fully set forth herein.

29.     The Defendant's conduct in the actions above violate general principles of law and equity, constitute trade name infringement, unfair competition and injury to business reputation under New York General Business Law §§ 360-K, 360-L, and 360-M and have, and will cause, Plaintiff irreparable injury.

30.     Plaintiff has no adequate remedy at law.

31.     As a result of the foregoing, the Plaintiff is entitled to a permanent injunction, restraining and enjoining the Defendant from using the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar or marks that are dilutive to or otherwise violate Plaintiff's Trademarks.

## AS AND FOR A FOURTH CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

32.     Plaintiff repeats and realleges the allegations of paragraphs "1" through "31" as if more fully set forth herein.

33.     The Defendant's conduct and the actions alleged above constitute common law trade name infringement and unfair competition arising under the laws of the State of New York.

34.     If the Defendant is permitted to continue using the mark MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to Plaintiff's Trademarks, the Plaintiff will be irreparably harmed.

35.     Plaintiff has no adequate remedy at law.

36.     As a result of the foregoing, the Plaintiff is entitled to a permanent injunction, restraining and enjoining the Defendant from using the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to or marks that are dilutive to or otherwise violate Plaintiff's Trademarks.

### AS AND FOR A FIFTH CAUSE OF ACTION, PLAINTIFF ALLEGES AS FOLLOWS:

37.     Plaintiff repeats and realleges the allegations of paragraphs "1" through "36" as if more fully set forth herein.

38.     As a result of the foregoing, Plaintiff is entitled to a judgment (1) declaring that it has superior rights to Plaintiff's Trademarks and/or any similar marks; (2) declaring that the Defendant is the junior user of the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to or marks that are dilutive to or otherwise violate Plaintiff's Trademarks; and (3) further declaring the respective rights and responsibilities of the parties.

### TRIAL BY JURY DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

{2597769: }

WHEREFORE, the Plaintiff, MRS. UNITED STATES NATIONAL PAGEANT, INC., demands judgment as follows:

A.      Granting a permanent injunction, restraining and enjoining the Defendant, her officers, directors, agents, servants, employees and all others acting on her behalf or in her stead, from further acts of trade name infringement and unfair competition and, more particularly, from, in any manner, directly or indirectly:

(i)      using the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to or marks that are dilutive to or otherwise violate Plaintiff's Trademarks;

(ii)     using the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to or marks that are dilutive to or otherwise violate Plaintiff's Trademarks in connection with the operation and advertising of pageants;

(iii)    otherwise using or exploiting using the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to or marks that are dilutive to or otherwise violate Plaintiff's Trademarks in connection with the operation and advertising of pageants;

(iv)    assisting, aiding or abetting any other person or entity from engaging or performing any of the activities referred to in subparagraphs 1(i)–(iii) above;

B.    Declaring that the Defendant has unfairly competed with the Plaintiff by the acts complained of herein and further declaring the respective rights and responsibilities of the parties;

C.    Granting an order requiring the Defendant to deliver up for destruction all products, and all promotional and/or advertising materials of any kind bearing the marks MS. UNITED STATES AMERICA and MISS UNITED STATES AMERICA as well any other marks which are confusingly similar to or marks that are dilutive to or otherwise violate Plaintiff's Trademarks;

D.    Awarding to the Plaintiff any profits generated by the Defendant as a result of the acts complained of and further awarding Plaintiff its damages as a result of the Defendant's wrongful trademark infringement and unfair competition in an amount to be determined by an accounting, if necessary;

E.    Awarding the Plaintiff its attorneys' fees and costs; and

F.    Granting the Plaintiff such other and further relief as to this Court may seem just and proper.

DATED:  December 30, 2014                    WOODS OVIATT GILMAN LLP
        Rochester, New York

                                      By: /s/ Donald W. O'Brien, Jr.
                                          Donald W. O'Brien, Jr. Esq.
                                          F. Michael Ostrander, Esq.
                                          *Attorneys for Plaintiff*
                                          700 Crossroads Building
                                          2 State Street
                                          Rochester, New York 14614
                                          585.987.2800
                                          dobrien@woodsoviatt.com
                                          mostrander@woodsoviatt.com